tentiary of this state from which he made his escape on the 22d day of July, A. D. 1934, and up to the present time appellant has not voluntarily returned nor has he been recaptured. Under article 824, C. C. P., as amended by Laws 1933, c. 34, § 1 (Vernon's Ann. C. C. P. art. 824), the jurisdiction of this court is ousted, and the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## HAMILTON v. STATE.

No. 17227.

Court of Criminal Appeals of Texas.

Oct. 10, 1934.

Everette B. Parks and Baskett & DeLee, all of Dallas, for appellant.

M. E. Gates, Special Prosecutor, of Huntsville, Max M. Rogers, Dist. Atty., of Groveton, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of murder, and his punishment assessed at death.

By affidavit of the warden of the penitentiary of the state of Texas, it is made to appear that pending this appeal appellant was confined in one of the death cells of the peni-

## WALTERS v. STATE.

No. 16943.

Court of Criminal Appeals of Texas.

Oct. 17, 1934.

Earl M. Greer, of Wills Point, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is robbery; the punishment, confinement in the penitentiary for 99 years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.